**Dorothy GAUTREAUX, et al., Plaintiffs,**

**v.**

**Samuel R. PIERCE, Secretary of Department of Housing and Urban Development, et al., Defendants.**

**Nos. 66 C 1459, 66 C 1460.**

United States District Court,
N. D. Illinois, E. D.

Sept. 25, 1981.

Alexander Polikoff, Howard A. Learner, Chicago, Ill., for plaintiffs.

Daniel C. Murray, United States Attorney's Office, Chicago, Ill., Robert M. Grossman, Roan & Grossman, Patrick W. O'Brien, Mayer, Brown & Platt, Richard J. Flando, Acting Regional Counsel, Dept. of Housing & Urban Development, Chicago, Ill., Stanley J. Garber, Corp. Counsel, Chicago, Ill., Calvin H. Hall, Gen. Counsel, Chicago Housing Authority, Chicago, Ill., Earl L. Neal, Sp. Asst. Corp. Counsel, Chicago, Ill., Jane L. McGrew, Gen. Counsel, Dept. of Housing and Urban Development, Washington, D. C., Gerald D. Skoning, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This matter is presently before the Court on plaintiffs' motion for supplemental relief under this Court's order of September 18, 1980. For the reasons set forth fully below, plaintiffs' motion for supplemental relief will be granted.

On September 18, 1980, Judge John Powers Crowley of this Court issued an order that conditioned the Department of Housing and Urban Development's ("HUD") approval of the City of Chicago's ("the City") Year VI (fiscal year 1981) application for funds under the Community Development Block Grant ("CDBG") program, 42 U.S.C. § 5301 *et seq.*, as amended, on four specific housing production goals and required HUD to submit to the Court a report regarding the City's efforts at compliance with the production goals over the course of the fiscal year. Section IV of the September 18 order further provides that if, in HUD's view, the City has not used all its lawful powers, enumerated in section I(D) of the order, in its efforts to comply with the conditions of the order and if the failure to comply with the conditions was not due to factors beyond the City's control, then HUD shall include in its final report a proposal for remedial action to be taken to effect full compliance.

It is undisputed that the City did not achieve full compliance with the conditions or, more particularly, the housing production goals set forth in the September 18 order during this past year. In its final report to this Court dated August 28, 1981, HUD acknowledges that the City did not achieve full compliance[1] and HUD also acknowledges that the City did not use all of its lawful powers in attempting to comply with the production goals.[2] The final HUD report goes on to state, however, that HUD is "unsure" whether the City's failure to achieve full compliance is due to factors beyond its control and it concludes without a proposal for remedial action on the ground that the City has made "substantial progress" toward achieving its production goals.

Plaintiffs contend that HUD's final report is deficient in that it does not include an independent investigation of the facts by

---

[1] Thus, the City failed to achieve production, as that term is defined in the September 18 order, of 189 units under section II(B), 1,077 units under section II(C), and approximately 20 units under section II(D). There was no failure to comply with section II(A) requiring the City to assist the Chicago Housing Authority in the provision of housing because the Authority never sought any assistance from the City.

[2] Specifically, the City did not issue municipal bonds to finance low and moderate income family housing, did not construct publicly-owned platforms or foundations for air rights, and did not undertake development of housing on its own.

HUD over and above what HUD was told by the City with regard to the City's efforts at compliance. Plaintiffs also contend that the report is deficient because it does not contain HUD's evaluation of the actions the City reported it took to assist housing production nor an evaluation of the steps the City could have taken to remedy production shortfalls. Their motion for supplemental relief requests that this Court condition HUD's approval of the City's Year VII (fiscal year 1982) application for CDBG funds on the same conditions imposed upon the Year VI application and that HUD be required to submit a revised final report which would include the results of HUD's own investigation of the City's compliance with the conditions in the September 18 order and an evaluation of the steps the City has taken or could take to comply with the earlier order. Plaintiffs also would require HUD to include a proposal for remedial action in the revised final report if, after an independent factual investigation and evaluation of the City's efforts, HUD concludes that the City has not utilized all its lawful powers in attempting to comply with the order of September 18, 1980, and

such failure to achieve full compliance is not due to factors beyond the City's control.

The Court has carefully reviewed the events leading up to the entry of the September 18 order,[3] the order itself, the final report submitted by HUD, and the memoranda filed by the parties with respect to the pending motion for supplemental relief. In our opinion, section IV of the September 18 order[4] implicitly requires that HUD do more in preparing its final report than rely, even in good faith, upon the City's own statements as to its efforts and the extent of its compliance with the housing production conditions contained in section II of that order. The order clearly requires that the report "shall state *HUD's view,* including the *specific factual bases therefor"* (emphasis added) regarding the City's compliance with the terms of the order, the utilization of the City's lawful powers, and the factors contributing to the City's failure to comply with the conditions set forth in the order. In requiring HUD to state its own views, the order clearly envisions that HUD will undertake its own factual investigation of the City's efforts to meet the production goals and evaluate the City's

---

**3.** On September 22, 1978, plaintiffs moved to enjoin HUD from approving Chicago's Year IV application for CDBG funds on the ground that the City had failed to meet housing production goals projected in the City's Housing Assistance Plans. On March 30, 1979, Judge Crowley denied plaintiffs' motion, but on October 22, 1979, he granted plaintiffs' motion for reconsideration and agreed to condition the City's receipt of CDBG funds on a more meaningful future attempt to meet housing production goals. Only if the City did not meet these conditions would the City run the risk of a total injunction of CDBG funds. The September 18, 1980, order is a direct outgrowth of Judge Crowley's October 22, 1979, decision.

**4.** Section IV provides in full:

IV. On or before July 31, 1981, HUD shall file with the Court and serve upon the parties a final report respecting the City's compliance with the conditions in Section II. Such final report shall state HUD's views, including the specific factual bases therefor, as to whether the City has complied with all of such conditions and shall include, without limitation, a statement describing all actions taken by the City subsequent to January 31, 1981, to assure such compliance. If the City has not so complied such report shall state

HUD's views, including the specific factual bases therefor, as to whether the City has complied with all of such conditions and shall include, without limitation, a statement describing all actions taken by the City subsequent to January 31, 1981, to assure such compliance. If the City has not so complied such report shall state HUD's views, including the specific factual bases therefor, as to whether (A) the City has used all of its lawful powers to attempt to comply with the conditions in Section II, and (B) such failure to comply is due to factors beyond the control of the City. If, in HUD's view, the City has not used all of its lawful powers to comply with such conditions and the failure to comply therewith is not due to factors beyond the control of the City, HUD shall include in such final report a proposal for remedial action by HUD with respect to the City's Year VI (Fiscal Year 1981) and Year VII (Fiscal Year 1982) CDBG grants, including, without limitation, the reduction of such grants. Thereafter, pursuant to notice and motion by any party, and upon such further presentations as the Court deems appropriate, the Court may enter such further order as it deems just and equitable in the circumstances.

efforts in that regard. Contrary to defendants' suggestions, plaintiffs do not seek to expand the terms of the original order in this motion for supplemental relief. Rather, plaintiffs merely seek to have HUD comply in full with that agency's responsibilities under the September 18 order.

The September 18 order was originally necessitated, in part, by HUD's passive role in the face of the City's continued failure to achieve any significant production of assisted housing units for low and moderate income families in connection with the housing component of the CDBG program. It makes no sense to contend that after the order was entered HUD could continue to defer to the City to the same extent as it previously had done. Rather, the purpose of the September 18 order was to ensure that HUD would more actively review the City's role in the production of low and moderate income family housing. A necessary component of HUD's more active role in the process is the independent investigation and evaluation sought by plaintiffs in their motion for supplemental relief. In its revised final form, the report should provide a basis for the parties and the Court to determine whether further remedial action would be appropriate.

Accordingly, the plaintiffs' motion for supplemental relief is granted. The Court will enter the draft order (attached hereto and made a part hereof) submitted by plaintiffs which requires HUD to file a revised final report with the Court within 45 days. It is so ordered.

## ORDER

This matter coming on to be heard pursuant to this Court's order entered September 18, 1980, and the Court having heard the presentations of the parties and having determined that the proposed order is appropriate in furtherance of the purpose of the judgment orders entered in this consolidated cause,

It is hereby ordered:

I. The Department of Housing and Urban Development ("HUD") shall file with the Court and serve upon the parties a revised final report pursuant to Section IV of this Court's order of September 18, 1980, not later than 45 days from the entry of this order. Such revised final report shall include:

A. Revised data on the moderate rehabilitation component of the condition in Section II(D) of the September 18, 1980, order to reflect the number of units as to which "production" was achieved as "production" is defined for moderate rehabilitation units in Section II(D).

B. The results of a factual investigation conducted by HUD of all factual matters required to be included in said report, including without limitation all actions which the City of Chicago ("City") reported to HUD it took to comply with the conditions in Section II of the September 18, 1980, order.

C. An evaluation by HUD of all actions which the City reported to HUD it took to attempt to comply with the conditions in Section II of the September 18, 1980, order and all lawful actions which the City could have taken to remedy any noncompliance.

II. HUD shall include any approval of the City's Year VII (Fiscal Year 1982) application for funding under the Community Development Block Grant ("CDBG") Program the conditions contained in Section II of this Court's order of September 18, 1980 (with reference to the definitions in Section I of such order) respecting the entirety of the grant. If, after HUD has revised its final report in accordance with paragraph I of this order, HUD's view is that the City has not used all of its lawful powers to comply with such conditions and the failure to comply therewith is not due to factors beyond the control of the City, HUD shall include in such revised final report a proposal for remedial action by HUD with respect to the City's Year VII and Year VIII (Fiscal Years 1982 and 1983) CDBG grants. Thereafter, pursuant to notice and motion by any party and upon such further presentations as the Court deems appropriate, the Court may enter such further order as it deems just and equitable in the circumstances.

III. Except as to the extent specifically provided in this order, this Court's orders previously entered herein, as previously modified, remain in full force and effect, and the Court retains jurisdiction of this matter for all purposes, including enforcement and the issuance, upon proper notice and motion, of orders modifying or supplementing the terms of this order upon the presentation of relevant information, material changes in conditions existing at the time of this order or any other matter. It is so ordered.